WALTER BROWN & another *vs.* HARRISON TWEED.

A plaintiff is not entitled, as of right, to litigate anew on a *scire facias* the sum for which one summoned as trustee, in a trustee process, shall be charged, if that question has been tried and determined in the original suit, and the amount paid for which the trustee was there held chargeable.

SCIRE FACIAS, in this court, against the administrator *de bonis non* of the estate of Nathaniel Morton, upon a judgment recovered against him by the plaintiffs in a trustee process, in which he was summoned as trustee of Henry W. Coggeshall. The defendant filed an answer, to which the plaintiff demurred; and the case was reserved by *Dewey*, J. for the determination of the whole court. The facts are stated in the opinion.

*S. R. Townsend*, for the plaintiffs.

*E. Ames*, for the defendant.

BIGELOW, C. J. The only effect of the demurrer in this case is to raise the question whether, on the facts stated in the answer, the defendant has shown sufficient cause why judgment should not be rendered against him. Inasmuch as it appears that the defendant answered fully in the original suit, that the inquiry was then gone into as to the precise amount for which he was to be charged, that both parties were then heard on the question, that the matter was distinctly adjudicated by the court, and that the defendant has paid over on execution the full sum for which he was then charged as trustee, there would seem to be no room for doubt that he has shown sufficient reason for his discharge.

The plaintiff, however, contends that the previous adjudication in the original suit was only interlocutory in its nature; that it determined nothing conclusively between the parties, except that the defendant was chargeable as trustee; and although he does not allege or offer to prove any new fact, or to vary the evidence in any particular from that which appeared at the former hearing, he claims the right to re-open on *scire facias* the question of the amount for which the defendant ought now to be held

liable, and to ask that the previous adjudication of the court upon the matter should be revised and changed. But we can see nothing in the provisions of the statute on which these proceedings are founded to sustain this position. It is true that, in many cases, in the proceedings on the original suit the amount for which the trustee is chargeable is not ascertained. All that is required under Gen. Sts. *c.* 142, § 32, is that the court should adjudge him to be a trustee, without any inquiry concerning the amount or value of the goods, effects and credits in his hands belonging to the principal defendant. In such cases, this interlocutory judgment conclusively settles only the precise matter adjudicated — the liability of the trustee — but does not determine the amount which he is to pay over on execution, or for which he may be personally liable in a judgment on the *scire facias*. But the authority of the court is not confined to the rendition of such a bare interlocutory judgment on the original process. If the parties come before the court and litigate their respective rights, and submit to the judgment of the court to determine in the original suit the amount which the plaintiff is entitled to receive from the trustee, as the property of the principal defendant, to be applied in satisfaction of his debt, there is no reason for holding that the parties should not be bound by the judgment. The court has jurisdiction of the parties and the subject matter ; the issue between them is made up ; each has his day in court, and full opportunity to be heard ; and the judgment embraces the issue and determines the controversy. On familiar principles, a judgment thus rendered is conclusive between the parties, on the subject matter in issue, and it cannot again be drawn in question. That the court have power to render a judgment in the original suit, which shall determine the amount for which the trustee is liable, is strongly implied from the language of that section of the statute already cited. By enacting that the court shall not be " required to specify in the judgment in the original suit the sum for which the trustee is chargeable," the legislature have left it to be inferred that an authority to adjudicate on the matter may be exercised, if it is desired by the parties or deemed necessary by the court. Indeed

there are cases where such an adjudication in the original suit is absolutely essential, in order to determine the rights of the plaintiff and the trustee, and when it is necessary that it should be final and conclusive between them. If, for example, the goods, effects and credits in the hands of the trustee are not sufficient in amount or value to discharge the costs taxed in his favor, he is entitled to judgment and execution against the plaintiff for the balance of such costs, after deducting the sum disclosed. Gen. Sts. *c.* 142, § 61. Under this provision, it is obvious that the court must, if necessary, inquire into and determine finally- in the original suit the amount for which the trustee is chargeable. As no special authority is conferred on the court to be exercised in this particular class of cases, it follows that it comes within a general power and jurisdiction which exists in the court to determine the extent of the trustee's liability in the original action.

The plaintiff insists that he has a right to maintain this action against the defendant under Gen. Sts. *c.* 142, § 39, which provide that if a person adjudged a trustee in the original action does not pay over on demand sufficient to satisfy the execution, the plaintiff may sue out a writ of *scire facias* against the trustee, to show cause why judgment and execution should not be awarded against him and his own goods and estate, for the sum which remains due on the execution. The answer to this is, that the defendant does show sufficient cause against the maintenance of the suit by setting out that he was charged in the original suit with a specific sum as trustee, and has paid it over on execution. This is a bar to the further prosecution of the suit. The plaintiff has had an effective process, under which he has received all that he was entitled to according to the judgment of the court.

We do not intend to be understood as saying that the court cannot, in the exercise of a sound discretion and for sufficient cause, re-open or set aside on *scire facias* a judgment rendered in the original suit, by which the amount for which the trustee was chargeable was fixed and determined. As the original suit and the *scire facias* are part of the same course of proceedings,

we cannot doubt that it would be competent, in the rendition of the final judgment, to correct any errors or supply any deficiencies which were shown to exist in the prior proceedings. But in a case like the present, where the plaintiff offers no new or additional proof and sets up no new fact or principle of law which was not known and relied on at the hearing in the original suit, we are of opinion that he is not entitled as of right to litigate anew the question which was then adjudicated and settled.

*Demurrer overruled.*